

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 18, 1967

Honorable Burton G. Hackney
Commissioner
State Department of Public Welfare
John H. Reagan Building
Austin, Texas

Dear Mr. Hackney:

Opinion No. M-149

Re: Eligibility of employees of Regional Planning Commissions, Regional Education Media Centers and Community Centers for Mental Health and Mental Retardation for Social Security coverage.

In your request for an opinion from this office you state the following:

"Title II, Section 218, of the Federal Social Security Act (42 USCA 418) authorizes the extension of Social Security participation to the employees of instrumentalities of the State or one or more political subdivisions.

"House Bill No. 603, Acts of the 52nd Legislature, Regular Session 1951, as amended, (Article 695g, Vernon's Texas Civil Statutes) authorizes the State Department of Public Welfare as the State Agency to enter into agreements with the governing body of various political subdivisions for the extension of this Social Security coverage to their employees. Section 1, Subsection (h), of House Bill No. 603, defines a 'political subdivision' so as to include an instrumentality of the State or one or more political subdivisions. The El Paso Council of Governments and the San Antonio-Bexar County Organization for Regional Planning (SABCORP) are volunteer organizations of the cities and other governmental units operating under articles of agreement adopted under authority of Article 1011m of Vernon's Revised Civil Statutes of Texas. For a detailed description of the organization of these entities, reference is made to copies of the agreements which are attached for your ready reference

"Our first question is: Do these organizations - Regional Planning Commissions created under Article 1011m of the Texas Statutes - for Social Security purposes come within the scope of the State law which authorizes coverage for the employees of an instrumentality of one or more political subdivisions?

"Also, your consideration and opinion is requested concerning the eligibility for Social Security participation of the employees of the Regional Education Media Centers as created by Senate Bill No 408 of the 59th Texas Legislature, Regular Session, 1965 (Article 2654-3d Vernon's Texas Civil Statutes)

"Each center is defined as an area center composed of one or more entire Texas School Districts Each center is to be governed in its local administration by a Regional Media Board which is authorized to employ and pay

such personnel as is necessary to carry out the functions of the centers. The cost is to be borne by the State and each participating District in the area

"Our second question is: Do these Regional Education Media Centers for Social Security purposes come within the scope of the State law which authorizes Social Security coverage for the employees of an instrumentality of one or more political subdivisions?

"In addition, your consideration and opinion is requested concerning the eligibility for Social Security participation of the employees of Community Centers for Mental Health and Mental Retardation as authorized under Article 5547-203, Vernon's Texas Civil Statutes. Each Community Center for Mental Health and Mental Retardation is created by the voluntary participation of one or more cities, counties or other political subdivisions or State agencies. Each center is governed by a Board of Trustees which has broad administrative powers.

"Our third question is: Do these Community Centers for Mental Health and Mental Retardation come within the scope of the State law which authorizes Social Security coverage for the employees of an instrumentality of one or more political subdivisions?

"     "

Subsection (h) of Section 1 of Article 695g, Vernon's Civil Statutes, provides:

"(h) The term 'political subdivision' includes an instrumentality of the State, of one or more of its political subdivisions, or of the State and one or more of its political subdivisions, but only if such instrumentality is a juristic entity which is legally separate and distinct from the State or subdivision and only if its employees are not by virtue of their relation to such juristic entity employees of the State or subdivision."

The creation of a "Regional Planning Commission" such as the El Paso Council of Governments and the San Antonio-Bexar County Organization for Regional Planning is authorized by Article 1011m, Vernon's Civil Statutes. Article 2654-3d, Vernon's Civil Statutes, authorizes the State Board of Education to provide for the establishment of Regional Education Media Centers and Article 5547-203, Vernon's Civil Statutes, authorizes the establishment of Community Centers for Mental Health and Mental Retardation services

It is the opinion of this office that Regional Planning Commissions, Regional Education Media Centers and Community Centers for Mental Health and Mental Retardation are political subdivisions within the terms of Section 1 of Article 695g, Vernon's Civil Statutes, and that the employees of said political subdivisions are entitled to Social Security coverage

## SUMMARY

Regional Planning Commissions, Regional Education Media Centers and Community Centers for Mental Health and Mental Retardation are political subdivisions within the provisions of Section 1 of Article 695g, Vernon's Civil Statutes, and the employees of said political subdivisions are entitled to Social Security coverage.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Pat Cain
Charles Edward Morris
Dyer Moore, Jr.

A. J. CARUBBI, JR.
Staff Legal Assistant